## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ACCRETIVE CAPITAL LLC
d/b/a Benzinga,                                    Case No. 2:26-cv-10150

       Plaintiff,                                 Hon.

v.

JERNEJ FURMAN and AJAY SURESH,

       Defendants.

---

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Accretive Capital LLC d/b/a/ Benzinga ("Plaintiff"), by and through its undersigned attorneys, states as follows for its Complaint against Defendants Jernej Furman ("Furman") and Ajay Suresh ("Suresh") (collectively, "Defendants"):

### NATURE OF THE ACTION

1.    Furman and Suresh both claim to be professional photographers of sorts.  What they are, however, are professional copyright "trolls."  Each Defendant takes thousands of photographs, self "publishes" the photographs on personal websites and/or photo hosting sites, and then purports to register the copyrights for the photos as "group" registrations.  Upon information and belief, Defendants do all of this "on speculation," meaning without an existing contract with any client.

196854916v6

2.    Based on evidence of purported infringement, Defendants then send cease and desist letters and/or file lawsuits alleging copyright infringement and seeking exorbitant damages not authorized by the law – a process generally described as "trolling."

3.    According to PACER records, Defendant Suresh has been a plaintiff in at least 43 separate lawsuits, while  Defendant Furman has sued Plaintiff twice, in addition to numerous other lawsuits.  In addition to the multitude of lawsuits filed on their behalf, Defendants have sent, upon information and belief, dozens, if not hundreds, of cease and desist letters.

4.    In their haste to maximize the "damages" Defendants extract from their targets, Defendants asserted claims against Plaintiff that each Defendant individually had previously released and/or represented did not exist.

5.    At all times relevant to this action ("Action"), and in all relevant dealings with Plaintiff regarding the facts underlying this Action, Defendants have been represented by Joel B. Rothman, Esq. and Debbie Yang, Esq., both of the firm SRipLaw. Published statistics indicate that SRipLaw filed over 1,000 copyright infringement lawsuits between 2019 and 2023 – an astonishing number considering that SRipLaw is a small boutique law firm with only approximately 15 lawyers.[1]

---

[1]    https://www.jdsupra.com/legalnews/srip-come-calling-for-copyright-8070829/; https://sriplaw.com/our-team/.

6.     Based on the foregoing actions, as detailed below, Plaintiff now seeks a declaration that certain copyright registrations asserted by Defendants (each separately) against Plaintiff are invalid and unenforceable, and/or not infringed by Plaintiff.  Plaintiff additionally asserts claims for money damages and related relief based on Defendants' fraud, fraud in the inducement, breach of contract, attempted civil extortion, civil extortion, conspiracies, and other wrongdoings.

## THE PARTIES

7.     Plaintiff is a Michigan limited liability company with its principal place of business located at 1 Campus Martius, Suite 200, Detroit, Michigan 48226.

8.     Upon information and belief, based on publicly available information, including information contained in Furman's asserted copyright registration, Furman is an individual who resides in the country of Slovenia.

9.     Upon information and belief, based on publicly available information, including information contained in Suresh's asserted copyright registration, Suresh is an individual who resides in  New York, New York.

## JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over Furman by virtue of Furman's systematic and repeated contacts with Plaintiff and this judicial district, including, without limitation: directing multiple "cease and desist" letters to Plaintiff in this judicial district, directing multiple unwarranted and extortionate demands to Plaintiff

196854916v6

in this judicial district, causing harm to Plaintiff in this judicial district, and by repeatedly availing himself of the benefits of this judicial district by filing multiple suits in this Court against Plaintiff, including Case 2:25-cv-12478-JEL-KGA, which Furman filed and then voluntarily dismissed WITHOUT prejudice in September 2025.

11. This Court has personal jurisdiction over Suresh by virtue of Suresh's systematic and repeated contacts with Plaintiff and this judicial district, including, without limitation: directing multiple "cease and desist" letters to Plaintiff in this judicial district, directing multiple unwarranted and extortionate demands to Plaintiff in this judicial district, actually extorting Plaintiff in this judicial district, causing harm to Plaintiff in this judicial district, and by availing himself of the benefits of this judicial district by filing suit in this Court, including Case 2:25-cv-13224-RJW-DRG, which is currently pending.

12. This Court has federal question jurisdiction over the copyright-related claims based on 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 (declaratory judgments). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims because the Court has "original jurisdiction" of the copyright claims and the remaining claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

196854916v6

13.     Venue is proper under 28 U.S.C. § 1391(b)(2) and/or (b)(3), and/or § 1391(c)(3).

## FACTS COMMON TO ALL FURMAN COUNTS

14.     The most recent dispute between Plaintiff and Defendant Furman involves a photograph entitled "Symbol of Law and Justice, Physical Version of Bitcoin and Flag," allegedly taken by Furman (the "Furman Work").

15.     Defendant Furman alleges that the Furman Work is protected by U.S. Copyright Registration VA 2-299-849, a group registration purporting to protect 750 separate photographs (the "Furman Registration").

16.     Defendant Furman sent (or caused to be sent) numerous cease and desist letters, containing  numerous unwarranted monetary demands to Plaintiff at Plaintiff's Michigan address, each alleging the infringement of the Furman Work as a basis for the demands.

17.     Defendant Furman previously sued Plaintiff in this judicial district, case number 2:25-cv-12478 JEL-KGA, alleging the validity, ownership, and infringement of the Furman Work and the Furman Registration (the "2025 Furman Action").

18.     In his application to register the Furman Work (and additional works) and in his complaint in the 2025 Furman Action, Defendant Furman alleged that he first "published the Work on February 14, 2022, by displaying it on his online

196854916v6

portfolio at https://focusonmore.piwigo.com/picture?/5562/search/psk-20250512-tjhbyNebz9." (2025 Furman Action Complaint, ¶ 14).

19.    "Displaying [the Work] on his online portfolio" is not "publication" within the meaning of the relevant provisions of the Copyright Act.

20.    Absent actual publication of the Work, as the term is defined in the Copyright Act, Defendant Furman's Registration is invalid and unenforceable.

21.    Absent a valid copyright registration, Defendant Furman has no legal basis to assert any of his copyright-based claims.

22.    On **August 12, 2022**, Furman filed a complaint for copyright infringement against Plaintiff in the U.S. District Court for the Eastern District of Michigan, civil action no. 22-cv-11880-NGE-EAS (the "2022 Furman Action").

23.    In the 2022 Furman Action, Defendant Furman asserted ownership and infringement of a photo other than the Work, allegedly protected by a registration other than the Furman Registration.

24.    The parties resolved the 2022 Furman Action by way of a written settlement agreement, bearing a defined effective date of **November 9, 2022** (the "Furman Settlement Agreement"). A copy of the Furman Settlement Agreement is in Defendant's possession.

25.    Paragraph 2 of the Furman Settlement Agreement provides in pertinent part: "[Furman] and David C. Deal ("Deal"), counsel for [Furman], warrant and

represent to [Accretive Capital] that they: (1) have no knowledge of any other claims by [Furman] against [Accretive Capital] related to the Work, Article, Lawsuit, Dispute, **or any other photo or work as to which [Furman] claims ownership or other rights**; . . .". (emphasis added).

26.     Stated otherwise, on November 9, 2022, Defendant Furman represented, as a critical element and fundamental inducement for Plaintiff to enter into the Furman Settlement Agreement, that Defendant Furman had no knowledge of any other claims relating to **any other photo** in which he has an ownership interest.

27.     On **August 11, 2025**, however, Defendant Furman filed a second complaint against Plaintiff (the "2025 Furman Action"), in which Defendant Furman alleged that: "**On or about August 11, 2022, Furman discovered the unauthorized use of the Work on the Website** . . .".    (2025 Furman Action Complaint at ¶ 19, emphasis added).

28.     In the 2025 Furman Complaint, Defendant Furman further alleged that Plaintiff posted the allegedly infringing image at least as early as March 13, 2002. Complaint at ¶ 19.

29.     Defendant Furman's filing date of the complaint in the 2025 Furman Action came on the three year anniversary (August 11, 2022) of Defendant Furman's alleged discovery of the accused posting. Complaint at ¶ 19.

7

30.     The statute of limitations for copyright claims is three years from the discovery of the alleged infringement or from when the alleged infringement should have been discovered, whichever is earlier. 17 U.S.C. § 507(b).

31.     The complaint in the 2025 Furman Action was signed on behalf of Defendant Furman by his counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

32.     Federal Rule of Civil Procedure 11 requires that there must be an evidentiary basis for the claim that Defendant Furman discovered the alleged infringement on August 11, 2022.

33.     Defendant Furman could not have discovered the alleged infringement on **August 11, 2022** (as alleged in the complaint in the 2025 Furman Action) but also have <u>no</u> knowledge of the alleged infringement of any photo he owns on **November 9, 2022 -** as represented in the Furman Settlement Agreement.

34.     If the statement contained in the 2025 Furman Action Complaint is true, then the representation in the Furman Settlement Agreement cannot be true.

196854916v6

35.     Conversely, if the representation in the Furman Settlement Agreement is true ("On or about August 11, 2022, Furman discovered the unauthorized use of the Work"), then the allegation in the 2025 Furman Action Complaint cannot be true.

36.     If Defendant Furman conducted proper due diligence prior to bringing the 2022 Furman Action on August 12, 2022, and Defendant Furman knew of the alleged infringement of the Work, which by Defendant Furman's own allegation commenced on March 13, 2002, then Defendant Furman knew or should have known of the infringement prior to August 11, 2025.

37.     If Defendant Furman knew or should have known of the alleged infringement prior to August 11, 2022, but Defendant Furman did not bring the claim prior to August 11, 2025, then Defendant Furman's claims were and are barred by the Copyright Act's statute of limitation.

38.     Plaintiff notified Defendant Furman (through his attorneys), in writing, of the discrepancy between his representation in the Furman Settlement Agreement and his sworn allegations contained in his complaint in the 2025 Furman Action, the Rule 11 and other implications of the complaint vis-à-vis the Furman Settlement Agreement, and of Plaintiff's resulting damages.

39.     Though acknowledging receipt of the notice, Defendant Furman has refused to substantively respond.

196854916v6

40.     Apparently in light of the discrepancies between the Furman Settlement Agreement and the 2025 Furman Action, and the resulting Rule 11 implications, Furman voluntarily dismissed the 2025 Action – after Plaintiff had provided a draft copy of Plaintiff's proposed counterclaims (which mirror the claims asserted herein).

41.     Because Defendant Furman's dismissal of the 2025 Furman Action was without prejudice and because Defendant Furman has not released or disclaimed his infringement claims in any way, an actual controversy over the infringement of the Work and the Furman Registration still exists.

42.     Since Defendant Furman's dismissal of the 2025 Furman Action was without prejudice and because Defendant Furman has not disclaimed the validity of the Furman Registration or voluntarily surrender his Furman Registration, Defendant Furman remains free to assert claims of infringement of the Furman Registration and thus, an actual controversy as to the validity of the Furman Registration still exists.

## FACTS COMMON TO ALL SURESH COUNTS

43.     The most recent dispute between Plaintiff and Defendant Suresh involves five photographs allegedly taken by Suresh (the "Suresh Works").

44.     Defendant Suresh alleges that the Suresh Works are protected by U.S. Copyright Registration No. VA 2-164-937, a group registration purporting to protect 595 separate photographs (the "Suresh Registration").

196854916v6

45.     Defendant Suresh sent (or caused to be sent) numerous cease and desist letters, containing numerous unwarranted monetary demands to Plaintiff at Plaintiff's Michigan address, each alleging the infringement of the Suresh Works as a basis for the demands.

46.     In correspondence relating to the alleged infringement of the Works, Defendant Suresh (through his counsel in an email dated May 22, 2025) alleged that the Works were "published" by posting to his personal on his personal FLIKR photo hosting site, e.g., https://www.flickr.com/photos/83136374@N05/48072711898.

47.     Posting works to a personal photo hosting web page is not "publication" within the meaning of the relevant provisions of the Copyright Act.

48.     Absent actual publication of the Works, as the term is defined in the Copyright Act, Defendant Suresh's Registration is invalid and unenforceable.

49.     Absent a valid copyright registration, Defendant Suresh has no legal basis to assert any of his copyright-based claims.

50.     In 2022, Defendant Suresh accused Plaintiff of infringing a different work contained in Defendant Suresh's Registration (which purports to protect 595 individual photographs).

51.     Plaintiff and Defendant Suresh settled the 2022 claim by way of a written settlement agreement dated **November 9, 2022** (the "2022 Suresh Settlement

Agreement"). A copy of the Suresh Settlement Agreement is in possession of Defendant but cannot attached hereto due to its confidential nature.

52.     At this time Defendant Suresh represented that he was unaware of any other claims against Plaintiff alleging copyright infringement, nor any other claims for other photographs taken by Defendant Suresh.

53.     Paragraph 1 of the 2022 Suresh Settlement Agreement states: "Recitals. The above recitals, including Suresh's representations, are incorporated herein by reference", making them a binding part of the 2022 Suresh Settlement Agreement.

54.     Stated otherwise, on November 9, 2022, Defendant Suresh represented, as a critical element and fundamental inducement for Plaintiff to enter into the 2022 Suresh Settlement Agreement, that Defendant Suresh was unaware any other claims relating to any other Defendant Suresh photo.

55.     In an email dated Thursday April 10, 2025 relating to the alleged infringement of the Works, Defendant Suresh (through counsel) stated that: "As the statute of limitations is coming up, we will have to file or execute a tolling agreement. **Without an executed tolling agreement, Mr. Suresh will have to file this week.**" (emphasis added).

196854916v6

56.     The reference to filing "this week" presumably means that the statute of limitation would expire on Friday April 11, 2025.  Even giving Defendant Suresh the benefit of the doubt, the statute of limitation could expire no later than the following Friday, April 18, 2025.

57.     Inasmuch as the copyright statute of limitations is three years from the date of discovery of the alleged infringement (or the date the infringement should have been discovered), and in light of Defendant Suresh's statement that the statute of limitations would expire no later than April 18, 2025, Suresh must have discovered the alleged infringement on or about April 11 - April 18, 2022.

58.     On November 9, 2022, however, as part of the 2022 Suresh Settlement Agreement, Defendant Suresh represented that, as of that date, he was unaware of any other claims against Defendant alleging copyright infringement and/or any other claims for any other of Suresh's photographs.

59.     Defendant Suresh could not have discovered the alleged infringement on or about April 11 – April 18, 2022 (as is implicitly alleged in the April 10, 2025 email) but also have no knowledge of the alleged infringement of any photo he owns on November 9, 2022 - as represented in the 2022 Suresh Settlement Agreement.

60.     If the statement contained in the April 10, 2025, email ("Without an executed tolling agreement, Mr. Suresh will have to file this week.") is true, then the representation in the 2022 Suresh Settlement Agreement cannot be true.

61.     Conversely, if the representation in the 2022 Suresh Settlement Agreement is true, then the allegation in the April 10, 2025, email cannot be true.

62.     Though Defendant Suresh had represented on November 9, 2022, that he had no knowledge of any other claims (other than those explicitly released), he nonetheless demanded payment for the alleged 2025 infringements, which by his own subsequent admission, he has known about since April of 2022.

63.     If Defendant Suresh knew or should have known of the alleged infringement in April of 2022, but Defendant Suresh did not assert his claims prior to April 2025, then Defendant Suresh's claims were and are barred by the Copyright Act's statute of limitation.

64.     Based on a change in ownership and management of Plaintiff, the details and execution of the 2022 Suresh Settlement Agreement were unknown to Plaintiff when Defendant Suresh asserted his claims in 2025.

65.     As of result, Defendant Suresh, working through his attorneys, subsequently extorted Plaintiff causing substantial monetary damage.

### COUNT I
### DECLARATION OF THE INVALIDITY OF THE FURMAN REGISTRATION FOR LACK OF PUBLICATION

66.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-65 above.

67.     Defendant Furman filed the copyright application which matured into the Furman Registration based on 37 C.F.R. § 202.4(i), which permits the registration of a group of <u>published</u> photographs.

68.     37 C.F.R. § 202.4(i) provides in pertinent part:  "Pursuant to the authority granted by 17 U.S.C. 408(c)(1), the Register of Copyrights has determined that a group of published photographs may be registered in Class VA with one application, the required deposit, and the filing fee required by § 201.3(c) of this chapter, if the following conditions are met:

(1)   all the works in the group must be photographs.  . . .

(6)   **All the photographs must be published within the same calendar year**, and the applicant must specify the earliest and latest date that the photographs were published during the year.

69.     As Defendant Furman plead in his 2025 Complaint: "[Defendant] published the Work on February 14, 2022, by displaying it on his online portfolio at

https://focusonmore.piwigo.com/picture?/5562/search/psk-20250512-tjhbyNebz9

("Web Portfolio").

70.     The Copyright Office itself explains "publication" as follows:

Publication has a technical meaning in copyright law. According to the statute, "Publication is the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. . . ."  A public performance or display of a work does not of itself constitute publication.

https://www.copyright.gov/help/faq-definitions.html.

71.     Defendant Furman's self "publication" of the Work online at his personal portfolio is not "publication" within the meaning of the term as used and defined in the Copyright Act and the relevant jurisprudence.

72.     Because prior publication was a prerequisite for the Furman Registration Defendant Furman sought and obtained, and because the Work was not "published" within the meaning of the Copyright Act, the Furman Registration is invalid and must be canceled.

## COUNT II
## Declaration OF THE Invalidity OF THE Furman Registration FOR Fraud ON THE Copyright Office

73.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-72 above.

74.     As part of the application for registration Defendant Furman filed to register the Work (and other works), Defendant Furman represented to the Copyright Office that all of the works, including the Work, had been published prior to the filing of the application.

75.     At the time Defendant Furman filed the application, he knew, or should have known, that he had not "published" the Work as the Copyright Act defines the term.

76.     Upon information and belief, Defendant Furman filed the application containing the false representation that the Work had been published with the intent

16

that the Copyright Office would rely on the false representation and grant the Registration covering the Work.

77.     Inasmuch as publication was a prerequisite for registration of the Work, the Copyright Office necessarily, and reasonably, relied on Defendant Furman's false representation

78.     Because Defendant Furman committed fraud in obtaining the Registration for the Work, the Registration must be canceled.

## COUNT III
### FRAUD IN THE INDUCEMENT
### (*Furman Settlement Agreement*)

79.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1- 78 above.

80.     Based on Defendant Furman's false and inconsistent representations and pleadings, the remainder of Plaintiff's claims against Defendant Furman are necessarily plead in the alternative, until such time as Defendant Furman himself is willing to make an unequivocal statement of the actual facts.

81.     As part of the Furman Settlement Agreement, at paragraph 2 therein, Defendant Furman represented and warranted, as of November 9, 2022, that Defendant Furman had no knowledge of any other claims by Defendant Furman against Plaintiff related to, among other things, "**any other photo or work as to which [Defendant Furman] claims ownership or other rights**; . . .". (emphasis added).

196854916v6

82.     According to Defendant Furman's allegations contained in the 2025 Furman Action, the Work asserted by Defendant Furman in that complaint is a "photo" and a "work" as the terms are used in the Furman Settlement Agreement.

83.     According to Defendant Furman's allegations contained in the 2025 Furman Action complaint, Defendant Furman claims "ownership" of the Work, as the term is used in the Settlement Agreement.

84.     In the 2025 Furman Action complaint, at paragraph 19, Defendant Furman alleged "On or about August 11, 2022, Furman discovered the unauthorized use of the Work."

85.     Assuming the statement in the 2025 Furman Action complaint is true and accurate, as required by Rule 11 of the Federal Rules, then Defendant Furman's representation in the Furman Settlement Agreement is necessarily false; if Defendant Furman discovered the alleged infringement of the Work on August 11, 2022, then he necessarily knew of the claim when, on November 9, 2022, he represented he did not.

86.     When Defendant made his representation on November 9, 2022, he knew of the falsity of the representation, or recklessly made the false representation.

87.     Defendant Furman made the false representation with the knowledge and intent that Plaintiff would rely on the representation.

196854916v6

88.     Plaintiff relied on Defendant Furman's representation as contained in the Furman Settlement Agreement in determining to execute the Furman Settlement Agreement.

89.     Plaintiff's reliance on Defendant Furman's representation was reasonable.

90.     Defendant Furman's false representation was material, in that Plaintiff would not have executed the Furman Settlement Agreement but for Defendant Furman's false representations contained therein.

91.     As a result of Defendant Furman's false representation, Plaintiff has been and continues to be damaged, in the form of lost time and effort, monetary damages, harm to its reputation and good will, and otherwise

92.     Plaintiff is entitled to recoup its damages from Defendant Furman based on Defendant Furman's false representations and fraudulent inducement to enter into the Furman Settlement Agreement.

93.     Plaintiff's damages are ongoing and escalating, but upon information and belief, have already exceeded $75,000.

**COUNT IV**
**BREACH OF CONTRACT**
(*Furman Settlement Agreement*)

94.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-93 above.

196854916v6

95.    Plaintiff and Defendant Furman are parties to a valid and enforceable contract, the Furman Settlement Agreement.

96.    The logical and legal import of Defendant Furman's representations as contained in paragraph 2 of the Furman Settlement Agreement is that, as of the Effective Date of the Furman Settlement Agreement, Defendant Furman had no known claims or causes of action against Plaintiff based on any of Defendant Furman's photos or works.

97.    Notwithstanding the representations in the Furman Settlement Agreement, and notwithstanding the logical and legal import of such representations, after execution of the Furman Settlement Agreement, Defendant Furman asserted claims against Plaintiff based on Defendant Furman's alleged ownership of a photo – claims about which Defendant Furman had previously represented he had no knowledge.

98.    In the 2025 Furman Action complaint, however, Defendant Furman contradicted himself, and admitted that he did have knowledge of the claims as of August 11, 2022 – a date prior to the date of the date of the representation and execution of the Furman Settlement Agreement.

99.    After executing the Furman Settlement Agreement, Defendant Furman asserted claims against Plaintiff (claims about which he had previously represented

196854916v6

he had no knowledge), by way of multiple letters accusing Plaintiff of copyright infringement and demanding exorbitant and unwarranted sums to settle.

100.   Defendant Furman additionally asserted claims against Plaintiff (claims about which he had previously represented he had no knowledge), by the filing of the 2025 Furman Action, alleging infringement and seeking monetary damages.

101.   If Defendant Furman's representations, as contained in the Furman Settlement Agreement were true, Defendant Furman should not have asserted claims against Plaintiff based on the alleged discovery of the alleged infringement on August 11, 2022.

102.   The foregoing acts of Defendant Furman constitute a breach of the Furman Settlement Agreement.

103.   Plaintiff has been damaged, and continues to be damaged, by Defendant Furman's breach of contract.

104.   Plaintiff is entitled to recoup its damages for Defendant Furman's breach, including attorney's fees as provided for in the Furman Settlement Agreement.

105.   Plaintiff's damages are ongoing and escalating, but upon information and belief, have already exceeded $75,000.

196854916v6

## COUNT V
### ATTEMPTED CIVIL EXTORTION AND/OR THREATS TO EXTORT MONEY BY FURMAN

106.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-105 above.

107.   Defendant Furman personally signed and/or authorized his signature on the Furman Settlement Agreement.

108.   Defendant Furman had knowledge of the Furman Settlement Agreement and its contents, including the representations, effective as of November 9, 2022 and in any event, no later than December 22, 2022.

109.   Defendant Furman knew he had represented, that as of November 9, 2022, he had no knowledge of any claims relating to any of his works.

110.   Notwithstanding the representations and his knowledge of the representations, Defendant Furman subsequently asserted claims (and made related demands) that were contrary to his representations and the Furman Settlement Agreement.

111.   Defendant Furman asserted claims that accused Plaintiff of serious wrongdoing and based on the accusations of wrongdoing, Defendant Furman threatened a lawsuit and demanded the payment of money.

196854916v6

112.   Defendant Furman's accusations against Plaintiff, and Defendant Furman's threats and demands were all wrongful and unwarranted based on the Furman Settlement Agreement and the representations therein.

113.   Because Defendant Furman personally signed the Furman Settlement Agreement and because Defendant Furman knew of the representations of the Furman Settlement Agreement, Defendant Furman knew that the claims he was asserting against Plaintiff were wrongful and unwarranted.

114.   Defendant Furman made his threats and demands with the intent of obtaining money from Plaintiff.

115.   Defendant Furman made his threats and demands with the intent of wrongfully obtaining money from Plaintiff.

116.   Defendant Furman knew his threats and demands were wrongful at the time he made them.

117.   Defendant took significant steps towards carrying out his extortion by causing multiple threat and demand letters to be sent to Plaintiff, and by subsequently causing the filing of this the 2025 Furman Action.

118.   Because Defendant Furman took significant steps to carrying out his extortion, the fact that his plan was not ultimately successful does not preclude a cause of action for attempted extortion.

196854916v6

119.    Under Michigan law, attempted extortion, or "threats to extort money" are criminal acts, regardless of whether the threats are successful. MCL 750.213 "Malicious threats to extort money."

120.    Under Michigan law, if a criminal statute is silent as to the existence of a corresponding civil cause of action, such a civil cause of action is presumed to exist. *People v. Harris,* 495 Mich 120 (2014).

121.    Plaintiff has been damaged and continues to be damaged by Defendant Furman's acts of attempted and threatened extortion, including without limitation, in the form of monetary damages in the form of attorney's fees, lost time  and opportunity, and harm to business reputation and good will.

122.    Plaintiff is entitled to damages for Defendant's acts of extortion.

## COUNT VI
### CIVIL CONSPIRACY BY FURMAN

123.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-122 above.

124.    At all times relevant to this dispute, Defendant Furman has been represented by the SRipLaw law firm and its individual attorneys, Joel B. Rothman, Esq. and Debbie Yang, Esq. (all collectively "SRIP").

125.    Defendant Furman and SRIP reached an agreement providing that SRIP would assert claims against Plaintiff based on the alleged infringement of the Work.

196854916v6

126.   Upon information and belief, SRIP had direct financial stake in the outcome of the claims it asserted on behalf of Defendant Furman, in the form a contingency fee agreement.

127.   Assuming SRIP did even a minimal investigation of Defendant Furman's claims, SRIP knew or should have known that the claims it was asserting on behalf of Defendant Furman were precluded by the Furman Settlement Agreement.

128.   Notwithstanding the fact that the claims asserted by SRIP on behalf of Defendant Furman in 2025 were precluded by the Furman Settlement Agreement, SRIP nevertheless asserted the claims on behalf of Defendant Furman.

129.   Defendant Furman, together with SRIP, took overt acts, in the form of cease and desist letters, monetary demands, and the filing of the 2025 Furman Action, in furtherance of Defendant Furman's extortionate demands.

130.   All of the cease and desist correspondence and all related correspondence was sent on behalf of Defendant Furman by SRIP.

131.   SRIP signed and filed the 2025 Furman Complaint previously filed in this Court.

132.   The foregoing acts by Defendant Furman and SRIP constitute a conspiracy to commit civil fraud and/or extortion.

133.   Plaintiff has been damaged and continues to be damaged by Defendant Furman's acts of civil conspiracy.

134.   Plaintiff is entitled to damages for Defendant Furman's acts of civil conspiracy.

## COUNT VII
### DECLARATION OF THE INVALIDITY OF THE SURESH REGISTRATION FOR LACK OF PUBLICATION

135.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-134 above.

136.   Defendant Suresh filed the copyright application which matured into the Suresh Registration based on 37 C.F.R. § 202.4(i), which permits the registration of a group of published photographs.

137.   37 C.F.R. § 202.4(i) provides in pertinent part: "Pursuant to the authority granted by 17 U.S.C. 408(c)(1), the Register of Copyrights has determined that a group of published photographs may be registered in Class VA with one application, the required deposit, and the filing fee required by § 201.3(c) of this chapter, if the following conditions are met:

(1)     all the works in the group must be photographs.  . . .

(6)     All the photographs must be published within the same calendar year, and the applicant must specify the earliest and latest date that the photographs were published during the year."

196854916v6

138.   As Defendant Suresh represented (through his counsel in an email dated May 22, 2025), the Suresh Works were "published" by posting to his personal FLIKR photo hosting site www.flickr.com/photos/83136374@N05/48072711898.

139.   The Copyright Office itself explains "publication" as follows:

Publication has a technical meaning in copyright law. According to the statute, "Publication is the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. . . ."  A public performance or display of a work does not of itself constitute publication.

https://www.copyright.gov/help/faqdefinitions.html.

140.   Defendant Suresh's self "publication" of the Suresh Works online at his personal FLICKR page is not "publication" within the meaning of the term as used and defined in the Copyright Act and the relevant jurisprudence.

141.   Because prior publication was a prerequisite for the Registration Defendant Suresh sought and obtained, and because the Works were not "published" within the meaning of the Copyright Act, the Registration is invalid and must be canceled.

## COUNT VIII
### DECLARATION OF THE INVALIDITY OF THE SURESH REGISTRATION FRAUD ON THE COPYRIGHT OFFICE

142.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-141 above.

143.   As part of the application for registration Defendant Suresh filed to register the Works (and other works), Defendant Suresh represented to the Copyright Office that all of the works, including the Works, had been published prior to the filing of the application.

144.   At the time Defendant Suresh filed the application, he knew, or should have known, that he had not "published" the Works as the Copyright Act defines the term.

145.   Upon information and belief, Defendant Suresh filed the application containing the false representation that the Works had been published with the intent that the Copyright Office would rely on the false representation and grant the Registration covering the Works.

146.   Inasmuch as publication was a prerequisite for registration of the Works, the Copyright Office necessarily, and reasonably, relied on Defendant Suresh's false representation

147.   Because Defendant Suresh committed fraud in obtaining the Registration for the Works, the Registration must be canceled.

**COUNT IX**
**FRAUD IN THE INDUCEMENT**
(*Suresh Settlement Agreement*)

148.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1- 147 above.

196854916v6

149.   Based on Defendant Suresh's false and inconsistent representations, the remainder of Plaintiff's claims against Defendant Suresh are necessarily plead in the alternative, until such time as Defendant Suresh himself is willing to make an unequivocal statement of the actual facts.

150.   As inducement to execute the 2022 Suresh Settlement Agreement, Defendant Suresh represented that he was unaware of any other claims against Plaintiff alleging copyright infringement, nor any other claims for other photographs taken by Defendant Suresh.

151.   The 2022 Suresh Settlement Agreement incorporated Suresh's binding representations.

152.   Defendant Suresh's allegations and demands, as asserted against Plaintiff in 2025, assert infringement of "photographs" as the term in used in the 2022 Suresh Settlement Agreement. .

153.   Stated otherwise, on November 9, 2022, Defendant Suresh represented, as a critical element and fundamental inducement for Plaintiff to enter into the 2022 Suresh Settlement Agreement, that Defendant Suresh was unaware any other claims relating to any other of Defendant Suresh's photos.

154.   In an email dated Thursday April 10, 2025, in correspondence relating to the alleged infringement of the Works, Defendant Suresh (through counsel) stated that: "As the statute of limitations is coming up, we will have to file or execute a

tolling agreement. **Without an executed tolling agreement, Mr. Suresh will have to file this week.**"

155.   The reference to filing "this week" presumably means that the statute of limitation would expire on Friday April 11, 2025.  Even giving Defendant Suresh the benefit of the doubt, the statute of limitation could expire no later than the following Friday, April 18, 2025.

156.   Inasmuch as the copyright statute of limitations is three years from the date of discovery of the alleged infringement (or the date the infringement should have been discovered), and in light of Defendant Suresh's statement that the statute of limitations would expire no later than April 18, 2025, Suresh must have discovered the alleged infringement on or about April 11 - April 18, 2022.

157.   On November 9, 2022, however, as part of the 2022 Suresh Settlement Agreement, Defendant Suresh represented that, as of that date, he was unaware of any other claims against Plaintiff alleging copyright infringement and/or any other claims for any other of Suresh's photographs.

158.   Defendant Suresh could not have discovered the alleged infringement on or about April 11 - April 18, 2022 (as is implicitly alleged in the April 10, 2025 email) but also have no knowledge of the alleged infringement of any photo he owns on November 9, 2022 - as represented in the 2022 Suresh Settlement Agreement.

159. If the statement implicitly contained in the April 10, 2025, email ("without an executed tolling agreement, Mr. Suresh will have to file this week") is true, then the representation in the 2022 Suresh Settlement Agreement cannot be true.

160. Though Defendant Suresh had represented on November 9, 2022, as part of the 2022 Suresh Settlement Agreement, that he had no knowledge of any other claims (other than those explicitly released), he nonetheless demanded payment for the alleged 2025 infringements, which by his own subsequent admission, he had known about since April of 2022.

161. Assuming the statement in the 2025 email is true and accurate, then Defendant Suresh's representation in the 2022 Suresh Settlement Agreement is necessarily false; if Defendant Furman discovered the alleged infringement of the Works in April of 2022, then he necessarily knew of the claim when, on November 9, 2022, he represented he did not.

162. When Defendant Suresh made his representation on November 9, 2022, he knew of the falsity of the representation, or recklessly made the false representation.

163. Defendant Suresh made the false representation with the knowledge and intent that Plaintiff would rely on the representation.

164.   Plaintiff relied on Defendant Suresh's representation as contained in the 2022 Suresh Settlement Agreement in determining to execute the 2022 Suresh Settlement Agreement.

165.   Plaintiff's reliance on Defendant Suresh's representation was reasonable.

166.   Defendant Suresh's false representation was material, in that Plaintiff would not have executed the 2022 Suresh Settlement Agreement but for Defendant Suresh's false representations contained therein.

167.   As a result of Defendant Suresh's false representation, Plaintiff has been and continues to be damaged, in the form of lost time and effort, monetary damages, harm to its reputation and good will, and otherwise, including without limitation, money paid in connection with the 2025 Suresh Settlement Agreement.

168.   Plaintiff's is entitled to recoup its damages from Defendant Suresh based on Defendant Suresh's false representations and fraudulent inducement to enter into the 2022 Suresh Settlement Agreement.

169.   Plaintiff's damages are ongoing and escalating, but upon information and belief, have already exceeded $75,000.

196854916v6

## COUNT X
### BREACH OF CONTRACT
### (*Suresh Settlement Agreement*)

170.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-169 above.

171.   Plaintiff and Defendant Suresh are parties to a valid and enforceable contract, namely the 2022 Suresh Settlement Agreement.

172.   The logical and legal import of Defendant Suresh's representations as contained in the Recitals and paragraph 1 of the 2022 Suresh Settlement Agreement is that, as of the Effective Date of the 2022 Suresh Settlement Agreement, Defendant Suresh had no known claims or causes of action against Plaintiff based on any claim relating to any of Defendant Suresh's photographs.

173.   Notwithstanding the representations in the 2022 Suresh Settlement Agreement, and notwithstanding the logical and legal import of such representations, after execution of the 2022 Suresh Settlement Agreement, Defendant Suresh asserted claims against Plaintiff based on Defendant Suresh's alleged ownership of photos - claims about which Defendant Suresh had previously represented he had no knowledge.

174.   In the April 10, 2025 Suresh email, however, Defendant Suresh contradicted himself and implicitly admitted that he did have knowledge of the

claims as of April of 2022, a date prior to the date of the representation and execution of the 2022 Suresh Settlement Agreement.

175. After executing the 2022 Suresh Settlement Agreement, Defendant Suresh asserted claims against Plaintiff (claims about which he had previously represented he had no knowledge), by way of multiple letters accusing Plaintiff of copyright infringement and demanding exorbitant and unwarranted sums to settle.

176. If Defendant Suresh's representations, as contained in the 2022 Suresh Settlement Agreement were true, Defendant Suresh should not have asserted claims against Plaintiff based on the alleged discovery of the alleged infringement in April of 2022.

177. The foregoing acts of Defendant Suresh constitute a breach of the 2022 Suresh Settlement Agreement.

178. Plaintiff has been damaged, and continues to be damaged, by Defendant Suresh's breach of contract.

179. Plaintiff is entitled to recoup its damages for Defendant Suresh's breach, including attorney's fees as provided for in the 2022 Suresh Settlement Agreement and the monies paid in connection with the 2025 Suresh Settlement Agreement.

180. Plaintiff's damages are ongoing and escalating, but upon information and belief, have already exceeded $75,000.

## COUNT XI
### CIVIL EXTORTION BY SURESH

181.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-180 above.

182.   Defendant Suresh personally signed and/or authorized his signature on the 2022 Suresh Settlement Agreement.

183.   Defendant Suresh had knowledge of the 2022 Suresh Settlement Agreement and its contents, including the representations, effective as of November 9, 2022 and in any event, no later than December 22, 2022.

184.   Defendant Suresh knew he had represented that, as of November 9, 2022, he had no knowledge of any claims relating to any of his photographs.

185.   Notwithstanding the representations and his knowledge of the representations, Defendant Suresh subsequently asserted claims (and made related demands) that were contrary to his representations and the 2022 Suresh Settlement Agreement.

186.   Defendant Suresh asserted claims that accused Plaintiff of serious wrongdoing and based on the accusations of wrongdoing, Defendant Suresh threatened a lawsuit and demanded the payment of money.

187.   Defendant Suresh's accusations against Plaintiff, and Defendant Suresh's threats and demands were all wrongful and unwarranted based on the 2022 Suresh Settlement Agreement and the representations therein.

196854916v6

188.    Because Defendant Suresh personally signed the 2022 Suresh Settlement Agreement and because Defendant Suresh knew of the representations of the 2022 Suresh Settlement Agreement, Defendant Suresh knew that the claims he was asserting against Plaintiff in 2025 were wrongful and unwarranted.

189.    Defendant Suresh made his threats and demands with the intent of obtaining money from Plaintiff.

190.    Defendant Suresh made his threats and demands with the intent of wrongfully obtaining money from Plaintiff.

191.    Defendant Suresh knew his threats and demands were wrongful at the time he made them.

192.    Defendant Suresh took significant steps towards carrying out his extortion, by causing multiple threat and demand letters to be sent to Plaintiff.

193.    Plaintiff has been damaged and continues to be damaged by Defendant Suresh's acts of extortion, including without limitation, the execution of the 2025 Suresh Settlement Agreement and the payment made thereunder.

194.    Plaintiff is entitled to damages for Defendant Suresh's acts of extortion.

## COUNT XII
### CIVIL CONSPIRACY BY SURESH

195.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-194 above.

196.   At all times relevant to this dispute, Defendant Suresh has been represented by the law firm SRipLaw and its individual attorneys, Joel B. Rothman, Esq. and Debbie Yang, Esq. (all collectively "SRIP").

197.   Defendant Suresh and SRIP reached an agreement providing that SRip would assert claims against Plaintiff based on the alleged infringement of the Suresh Works.

198.   Upon information and belief, SRIP had a direct financial stake in the outcome of the claims it asserted on behalf of Defendant Suresh, in the form a contingency fee agreement.

199.   Assuming SRIP did even minimal investigation of Defendant Suresh's claims, SRIP knew or should have known that the claims it was asserting on behalf of Defendant Suresh were precluded by the 2022 Suresh Settlement Agreement.

200.   Notwithstanding the fact that the claims asserted by SRIP on behalf of Defendant Suresh in 2025 were precluded by the 2022 Suresh Settlement Agreement, SRIP nevertheless asserted the claims on behalf of Defendant Suresh.

201.   Defendant Suresh, together with SRIP, took overt acts, in the form of cease and desist letters and monetary demands, in furtherance of Defendant Suresh's extortionate demands.

202.   All of the cease and desist correspondence and all related correspondence was sent on behalf of Defendant Suresh by SRIP.

203.   The foregoing acts by Defendant Suresh and SRIP constitute a conspiracy to commit civil fraud and/or civil extortion.

204.   Plaintiff has been damaged and continues to be damaged by Defendant Suresh's acts of civil conspiracy.

205.   Plaintiff is entitled to damages for Defendant Suresh's acts of civil conspiracy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants and award Plaintiff its costs and attorneys' fees, together with all pre- and post-judgment interest, and all other fees, costs, awards, damages, sanctions, penalties, and interest to which Plaintiff may be entitled, under the Copyright Act, the common law, the Judicial Code, the Federal and Local Rules of Civil Procedure, State Law, the Settlement Agreements, and/or the Court's inherent authority, and such other and further relief as the Court may deem just and proper.

Plaintiff further requests that the Court declare that:

A.   Plaintiff has not infringed the Furman Work or the Furman Registration;

B.   Plaintiff has not infringed the Suresh Works or the Suresh Registration;

C.   the Furman Work and the Furman Registration are invalid and/or unenforceable;

D.   the Suresh Works and the Suresh Registration are invalid and/or unenforceable;

E.   Defendant Furman committed fraud on the Copyright Office;

F.   Defendant Suresh committed fraud on the Copyright Office;

G.   Defendant Furman's 2025 copyright claims are barred by the statute of limitations;

H.   Defendant Suresh's 2025 copyright claims are barred by the statute of limitations;

I.   Defendant Furman fraudulently induced Plaintiff to enter into the Furman Settlement Agreement;

J.   Defendant Suresh fraudulently induced Plaintiff to enter into the 2022 Suresh Settlement Agreement;

K.   Defendant Furman breached the Furman Settlement Agreement;

L.   Defendant Suresh breached the 2022 Suresh Settlement Agreement;

M.   Defendant Furman committed attempted civil extortion;

N.     Defendant Suresh committed civil extortion;

O.     Defendant Furman committed civil conspiracy in furtherance of his wrongful acts; and

P.     Defendant Suresh committed civil conspiracy in furtherance of his wrongful acts.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all claims so triable.

Respectfully submitted,

Date: January 8, 2026             */s/ Jordan S. Bolton*
                                   Jordan S. Bolton (P66309)
                                   Andrew M. Creal (P83806)
                                   Taft Stettinius & Hollister LLP
                                   27777 Franklin Road, Suite 2500
                                   Southfield, MI 48034
                                   (248) 351-3000
                                   jbolton@taftlaw.com
                                   acreal@taftlaw.com
                         and
                                   Robert B. Golden (*PHV admission pending*)
                                   Nolte Lackenbach Siegel
                                   111 Brook Street
                                   Scarsdale, NY 10583
                                   (914) 723-4394
                                   rgolden@NLS.law

                                   *Attorneys for Plaintiff*